BLACKMAN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 24, 1911.)

Nos. 2,878–2,891.

Post Office (§ 50*)—Prosecution for Using Mails to Defraud—Instructions.

> In a prosecution under Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), for using the mails to effect a scheme to defraud, instructions are erroneous which permit a conviction on a finding of any stated group of facts, from which a purpose to defraud is omitted.

> [Ed. Note.—For other cases, see Post Office, Dec. Dig. § 50.*

> Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

In Error to the District Court of the United States for the District of Colorado.

Criminal prosecutions by the United States against C. L. Blackman, against A. E. Keables, against W. B. Cameron, against William E. Wilson, against Arthur Levan, against David H. Lawrance, and against Lee DuBois. Judgment of conviction in each case, and defendants bring error. Reversed.

Charles W. Franklin and Harry B. Tedrow, for plaintiffs in error.

H. J. Bone, Special Asst. U. S. Atty.

Before VAN DEVANTER, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. The plaintiffs in error were convicted, as charged in two indictments which were consolidated for trial, of using the mails in aid of a scheme to defraud, contrary to section 5480, Rev. Stat. (U. S. Comp. St. 1901, p. 3696), and of conspiring to commit that offense, contrary to section 5440, Rev. Stat. (page 3676). They prosecuted these writs of error.

In general terms the fraudulent scheme charged was the organization of a corporation called the Lost Bullion Spanish Mines Company, with a capital of $10,000,000 in shares of $1 each, and the inducement of the public to purchase the shares by means of false and fraudulent representations and communications through the post office as to the history, condition, and value of the company's property. This was stated with much detail in the indictments, and specific instances of the use of the mails in aid of the scheme were given. In the charge to the jury the trial court said it was not necessary that all things specified in the indictments as constituting the fraudulent scheme should be proved. It then grouped the fraudulent representations charged in the indictments into five paragraphs, connected disjunctively, and said:

> "Either of these, if proven, is sufficient to constitute the fraudulent scheme charged in either of the indictments."

This was error. A vital element of the scheme was omitted from all but one of the paragraphs, namely, the purpose to sell the shares of stock to those to whom the representations might be made, and thereby defraud them. This purpose was expressly charged in the indict-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ments, and necessarily so, because without it there was no scheme to defraud.

There are many other assignments of error; but, as the cases will have to be retried, the grounds for them may not again arise, and we therefore refrain from discussing them. It should be said, however, that we think the objections to the indictments are clearly untenable.

The judgments are reversed, and the causes remanded for a new trial.